**FILED**
**Nov 01, 2021**
**08:34 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| **CHARLES MILLINDER,** | ) | **Docket No. 2020-07-0174** |
| **Employee,** | ) | |
| **v.** | ) | |
| **MAPLEWOOD HEALTH CARE,** | ) | **State File No. 74357-2014** |
| **Employer,** | ) | |
| **And** | ) | |
| **OCCUSURE CLAIMS SERVICES,** | ) | **Judge Allen Phillips** |
| **Carrier.** | ) | |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

The Court heard Maplewood's Motion for Summary Judgment on October 28, 2021. Maplewood asserted it was entitled to summary judgment because of a medical opinion that Mr. Millinder's injury did not arise primarily out of his employment. The Court agrees and grants the motion.

### Facts

Maplewood filed a Statement of Undisputed Facts as required under Tennessee Rules of Civil Procedure 56.03, which the Court summarizes as follows:

- Mr. Millinder alleged a back injury on September 9, 2014, and Maplewood provided a panel of physicians.
- The first physician Mr. Millinder chose placed him at maximum medical improvement in 2016. That physician later retired.
- Maplewood provided Mr. Millinder another panel of physicians, from which he chose Dr. Fereidoon Parsioon.
- Dr. Parsioon completed a Declaration under Tennessee Rules of Civil Procedure 72 in which he agreed Mr. Millinder reached maximum medical improvement in 2016 with no permanent impairment related to the September 9, 2014 injury.

1

- Dr. Parsioon also stated that the injury did not cause any anatomical changes in Mr. Millinder's back; instead, all findings were either chronic, degenerative, or congenital.
- Dr. Parsioon said none of Mr. Millinder's conditions were primarily related to the work injury but instead to the other conditions.
- Dr. Parsioon recommended no further treatment for the work injury.

Mr. Millinder did not file a written response.

Based on the undisputed facts, Maplewood argued it was entitled to summary judgment because Dr. Parsioon said that the injury did not arise primarily out of the employment. Mr. Millinder admitted he filed no response to the motion and could not dispute Maplewood's facts.

**Analysis**

Tennessee Rules of Civil Procedure 56 provides specific filing requirements for both parties in summary judgment cases that "are not mere suggestions" but rather plain and unambiguous requirements. *Thomas v. Zipp Express*, 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *11 n.4 (Mar. 15, 2017).

Specifically, as the moving party, Maplewood must file a statement of undisputed material facts with citations to the record. It did so. As the nonmoving party, Mr. Millinder must respond to Maplewood's statement of undisputed facts, indicating his agreement with them or demonstrating how they are disputed. Tenn. R. Civ. P. 56.03. He did not do so. Thus, the Court considers Maplewood's motion unopposed and considers whether summary judgment is appropriate.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. To prevail, Maplewood must do one of two things: (1) submit affirmative evidence that negates an essential element of Mr. Millinder's claim, or (2) demonstrate that his evidence is insufficient to establish entitlement to benefits. Tenn. Code Ann. § 20-16-101 (2021). *See also Rye v. Women's Care Ctr. Of Memphis, MPLLC.*, 477 S.W.3d 235, 264 (Tenn. 2015).

Under law, Mr. Millinder must show that his injury was caused by a specific incident *arising primarily out of his employment*. Tenn. Code Ann. § 50-6-102(14)(A) (Emphasis added). Based on the undisputed facts, Maplewood negated the essential element of the injury arising primarily out of the employment through Dr. Parsioon's declaration. Specifically, Dr. Parsioon said Mr. Millinder's conditions were primarily related to other

conditions, not the injury. In the absence of any countervailing facts, Maplewood is entitled to judgment as a matter of law.

**THEREFORE, IT IS ORDERED AS FOLLOWS**:

1. The Court grants Maplewood's Motion for Summary Judgment on grounds that Mr. Millinder's injury did not primarily arise out of his employment, and his claim against Maplewood is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against Maplewood, for which execution might issue as necessary. Maplewood shall pay the filing fee to the Clerk within five business days of the order becoming final.

4. Maplewood shall file Form SD-2, Statistical Data form, with the Clerk within five business days of this order becoming final.

**ENTERED November 1, 2021.**

_____*Allen Phillips*_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on November 1, 2021.

| Name | Email | Service sent to: |
|---|---|---|
| Spencer R. Barnes, Employee's Attorney | X | spence@morrisonandbarnes.com kaylie@morrisonandbarnes.com |
| B. Duane Willis, Employer's Attorney | X | dwillis@morganakins.com |

_____*Penny Shrum*_____
**Penny Shrum, Court Clerk**
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fullycompleted Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____ **Employer**

Notice is given that _____ *[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date filestamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____ issued

by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*__ [Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries        $ _____ per month     Telephone      $ _____ per month

Electricity      $ _____ per month     School Supplies $ _____ per month

Water            $ _____ per month     Clothing       $ _____ per month

Gas              $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support  $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____     (FMV) _____

Other                   $ _____     Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____              _____

_____              _____

_____              _____

_____              _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                         RDA 11082